1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID EARL GRAY,

11              Petitioner,              No. CIV S-10-2463 JAM EFB P

12       vs.

13   GARY SWARTHOUT,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  The matter was referred to the undersigned pursuant to 28 U.S.C.

18   § 636(b)(1) and Local Rule 302(c)(17).  Respondent moves to dismiss on the grounds that: (1)

19   the petition challenges two separate state court judgments, one from 1998 and another from

20   2007,[1] in violation of Rule 2(e) of the Rules Governing Section 2254 Cases ("Rule"); (2) the

21   claims regarding the 1998 judgment are barred by the statute of limitations; and (3) this court

22   should not reach the claims regarding the 2007 judgment because petitioner's appeal of that

23   conviction is pending in state court.  Because the court finds the petition violates Rule 2(e), that

24   _____

25        [1] Respondent actually refers to a 1997 judgment and a 2005 judgment.  This appears to
     be a mistake, as the petition challenges a 1998 judgment and a 2007 judgment, and the records
     filed in support of respondent's motion to dismiss do not reference any 1997 or 2005 judgments.
26   Nor does the petition reference such judgments.

1

the challenge to the 1998 judgment is time-barred, and that petitioner's appeal of the 2007 judgment is pending in state court, the court recommends that respondent's motion to dismiss be granted.

**I.      Background**

     **A.        1998 Judgment**

On October 8, 1998, petitioner pled no contest in the Sacramento County Superior Court to conspiracy , two counts of robbery, and two counts of false imprisonment.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1.  A number of sentencing enhancements were also found true.  *Id.*  On the same day, the superior court sentenced petitioner to a state prison term of seven years and four months.  *Id.*  On March 7, 2000, the California Court of Appeal, Third Appellate District, affirmed the judgment.  Lodg. Doc. 2.  On May 17, 2000, the California Supreme Court denied review.  Lodg. Doc. 3.

Petitioner subsequently filed six pro se state post-conviction collateral challenges to the 1998 judgment.[2]  Petitioner filed two of these state petitions before May 17, 2000, both of which were also denied before that date.  Lodg. Docs. 4 (petition filed in California Court of Appeal, Third Appellate District on November 23, 1999; denied on December 9, 1999), 5 (petition filed in Sacramento County Superior Court on February 7, 2000; denied on April 6, 2000).  After May 17, 2000, petitioner filed four more state petitions, dated September 4, 2003, March 1, 2010, April 26, 2010, and June 7, 2010,[3] respectively.  Lodg. Docs. 6, 7, 9, 11.  The state courts denied

_____

[2] Respondent was unable to provide the court with copies of three of these petitions – the November 23, 1999, February 7, 2000, and September 4, 2003 petitions – but submitted the respective courts' dockets reflecting their filing and disposition dates.  Without copies of the petitions, the court cannot determine whether these petitions actually challenged the 1998 judgment.  In an abundance of caution, respondent has assumed, as will the court, that these petitions challenged the 1998 judgment, and addresses their effects, if any, on the federal statute of limitations.  *See* Mot. at 2 n.1, 7.

[3] As respondent notes, the June 7, 2010 petition bears a date stamp of June 2, 2008 *and* June 3, 2010.  Mot. at 3 n.2, Lodg. Doc. 11.  The 2008 stamp appears to be inaccurate, as the state court's docket reflects a filing date of June 3, 2010 and petitioner signed the petition on

1  each of these petitions.  Lodg. Docs. 6, 8, 10, 12.

2  **B.    2007 Judgment**

3      On June 19, 2007, petitioner was convicted in the Sacramento County Superior Court of

4  second degree murder with the use of a deadly weapon, and two prior convictions were found

5  true.  Pet. at 1;[4] Mot., Lodg. Doc. 13.  The superior court sentenced petitioner to a state prison

6  term of 51 years to life.  Pet. at 1.  Petitioner alleges that his 1998 conviction was used to

7  enhance this sentence.  *Id.* at 15.

8      On June 29, 2007, petitioner filed a notice of appeal, but the state appellate court

9  dismissed the appeal finding it was taken from a non-appealable order.  Lodg. Doc. 14.   On

10 April 22, 2008, petitioner sought review in the California Supreme Court on the ground he had

11 been denied his right to appeal.  Lodg. Doc. 15.  The California Supreme Court issued an order

12 to show cause returnable in the state court of appeal.  Lodg. Doc. 16 (ordering respondent to

13 show cause why trial court did not err by refusing to accept petitioner's notice of appeal at

14 sentencing and why petitioner should not therefore be allowed to file a belated notice of appeal

15 in the superior court).  On December 2, 2009, the state court of appeal granted petitioner the

16 opportunity to file a notice of appeal.  Lodg. Doc. 14; *see also In re Gray*, 179 Cal. App. 4th

17 1189 (2009).  On February 1, 2010, petitioner filed a notice of appeal, and that appeal is still

18 pending.[5]  Lodg. Doc. 17; *see also* Pet. at 7.  After filing the February 2010 appeal, petitioner

19 filed three pro se state post-conviction collateral actions, all of which were denied.  Lodg. Docs.

20 7-12.

---

21

June 1, 2010.  *See* Lodg. Doc. 11.

22

[4] The page numbers cited herein are those assigned by the court's electronic docketing
23 system and not those assigned by petitioner.

24     [5] As of the date of filing these findings and recommendations, the state appellate court's
docket reflects the appeal is still pending.  *See* http://appellatecases.courtinfo.ca.gov/search/case/
25 dockets.cfm?dist=3&doc_id=1933427&doc_no=C064105.  A court may take judicial notice of
court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United*
26 *States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

**C.      Petitioner's Claims**

Petitioner challenges the 1998 judgment of conviction as well as the 2007 judgment of conviction. Pet. at 1, 15. Petitioner claims that the 1998 judgment, obtained as a result of petitioner's no-contest plea, violated his constitutional rights, and that the plea bargain procedure was defective. *See* Pet. Petitioner also claims the trial court gave misleading, illusory, and erroneous advice regarding petitioner's rights to appeal, and that trial and appellate counsel rendered ineffective assistance of counsel. *Id.* As for the 2007 judgment, petitioner claims the trial court violated federal and state laws by using his 1998 plea to enhance his sentence. *Id.*

**II.     Respondent's Motion to Dismiss**

Respondent moves to dismiss on the grounds that the petition challenges two separate state court judgments in violation of Rule 2(e), the claims regarding the 1998 judgment are barred by the statute of limitations; and that this court should not reach the claims regarding the 2007 judgment because petitioner's appeal of that conviction is pending in state court.[6]

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

////

////

---

[6] Respondent also asserts that several of petitioner's claims fail to state cognizable federal claims for habeas relief. *See* Mot. Because the court finds petitioner's claims should be dismissed on other grounds, it need not address these arguments.

**A.    The Petition Violates Rule 2(e)**

Respondent contends the petition should be dismissed because it improperly challenges two separate state court judgments.  Mot. at 4-5.  A petitioner who seeks relief from multiple judgments must file a separate petition as to each judgment.  *See* Rule 2(e), Rules Governing § 2254 Cases.  Because the instant petition challenges a 1998 judgment and a 2007 judgment, it violates Rule 2(e) and should be dismissed.  As discussed below, petitioner should not be granted leave to file an amended petition that complies with Rule 2(e), because the challenge to the 1998 judgment is time barred, and the challenge to the 2007 judgment should be dismissed without prejudice to the filing of a new action after the 2007 judgment of conviction becomes final.

**B.    Claims Regarding the 1998 Judgment Are Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for seeking federal habeas relief, beginning from the latest of (1) the date the judgment became final on direct review, (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  In certain circumstances, the limitations period may be tolled.  Petitioner bears the burden of showing he is entitled to tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (statutory tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (equitable tolling).

Throughout his opposition, petitioner contends that AEDPA was amended in 2001 to provide a one year limitations period for challenges to prior convictions used to enhance a sentence, and that before 2001, no statute of limitations applied to such challenges.  Dckt. No. 14 at 7.  Petitioner contends he was unaware of the 2001 amendment until 2010 and that the limitation period therefore did not begin to run until 2010.  *Id.*  His argument lacks merit.  The

1   legislative history of AEDPA reveals it was never so amended, and that since 1996, it has stated

2   that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a

3   person in custody pursuant to the judgment of a State court."[7]  28 U.S.C. § 2244(d)(1).

4         Accordingly, with respect to petitioner's challenge to the 1998 conviction, the statute of

5   limitations began to run when the conviction became final on direct review.  *See* 28 U.S.C.

6   § 2244(d)(1)(A).  The California Supreme Court denied review on May 17, 2000.  Lodg. Doc. 3.

7   The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for

8   filing a petition for writ of certiorari expired ninety days later, on August 15, 2000.  Supreme Ct.

9   R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The one-year limitations period

10  commenced running the following day.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.

11  2001).  Petitioner therefore had until August 15, 2001, to file his federal habeas petition.

12  However, petitioner did not file the instant petition until September 9, 2010.[8]  Dckt. No. 1.

13  Absent tolling, the petition was filed over nine years after the limitation period ended.

14        There is no statutory tolling of the limitations period "from the time a final decision is

15  issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

16  *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  But once a petitioner properly files a state post-

17  conviction application the period is tolled, and remains tolled for the entire time that application

18  is "pending."  28 U.S.C. § 2244(d)(2).  If the limitations period has run, however, it cannot be

19  revived by a collateral action.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

20        Petitioner filed two state habeas actions that had concluded prior to the commencement

21  of the limitations period.  Lodg. Docs. 4, 5.  As respondent argues, neither of these petitions

22  tolled the limitations period because the limitations period had not yet begun.  Mot. at 7 (citing

23

24       [7] Petitioner's argument for equitable tolling on this basis equally lacks merit.  *See* Dckt.
    No. 14 at 10.

25       [8] The court deems the filing date for of this petition to be the date reflected on the
26  certificate of service.  *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of
    appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court).

1   and quoting *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (where state habeas petition was

2   denied before limitation period had started to run, "it had no effect on the timeliness of the

3   ultimate federal filing.").

4          After the limitation period commenced, petitioner filed four additional state habeas

5   actions.  Lodg. Docs. 6, 7, 9, 11.  However, petitioner filed the earliest of these petitions on

6   September 4, 2003, almost two years after the limitations period had ended.  Lodg. Docs. 6-12.

7   Because petitioner waited until after the federal statute of limitations period expired before filing

8   any of these four petitions, they do not afford him the benefit of statutory tolling.  *See Jiminez*,

9   276 F.3d at 482.

10         Nor has petitioner shown he is entitled to equitable tolling.  A petitioner is entitled to

11  equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that

12  some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v.*

13  *Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner claims he is entitled to equitable tolling

14  because he was never informed by any court that he would not be able to challenge the validity

15  of his priors in any future proceedings.  Dckt. No. 14 at 11.  This argument itself suggests that

16  petitioner has not pursued his rights diligently.  A petitioner cannot wait until a prior conviction

17  is used in a later proceeding to challenge that prior conviction on grounds for which he should

18  have been aware at the time he suffered the prior conviction.  *See  Lackawanna County Distr.*

19  *Atty. v. Coss*, 532 U.S. 394, 403 (2001) ("[O]nce a state conviction is no longer open to direct or

20  collateral attack in its own right because the defendant failed to pursue those remedies while they

21  were available (or because the defendant did so unsuccessfully), the conviction may be regarded

22  as conclusively valid. . . .   If that conviction is later used to enhance a criminal sentence, the

23  defendant generally may not challenge the enhanced sentence through a petition under § 2254 on

24  the ground that the prior conviction was unconstitutionally obtained) (internal citation omitted)).

25  To the extent petitioner claims he was not aware until 2007 that his 1998 conviction could be

26  used to enhance a later sentence pursuant to California's "Three Strikes Law" (effective March

7, 1994), *see* Dckt. No. 14 at 15, his ignorance of the law in this respect does not entitle him to tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Nor would petitioner be entitled to a later commencement date of the limitations period based upon the date he discovered the legal significance of his 1998 no contest plea. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (under § 2244(d)(1)(D), statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Petitioner has not shown he pursued his rights diligently or that extraordinary circumstances prevented him from timely challenging his 1998 conviction in federal court. Thus, petitioner's challenge to the 1998 judgment is barred by the statute of limitations. .

### C.    Claims Regarding the 2007 Judgment Are Premature

Petitioner also challenges his 2007 conviction on the grounds that the trial court violated federal and state laws by using his 1998 conviction to enhance his sentence. Respondent contends petitioner's challenge to the 2007 judgment should be dismissed because the conviction is not yet final in state court. Mot. at 9. As discussed above, petitioner's appeal of the 2007 judgment is pending in the state appellate court. Lodg. Doc. 17; *see also* Pet. at 7. The U.S. Court of Appeals for the Ninth Circuit has held that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Torres v. Yates*, No. C 07-00440 SBA (PR), 2008 U.S. Dist. LEXIS 45079, at *4 (N.D. Cal. June 9, 2008).

Petitioner contends that this court can review his federal habeas petition because he has exhausted his state judicial remedies through his state habeas petitions. Dckt. No. 14 at 23-25. However, depending on the outcome of petitioner's direct appeal in state court, i.e., reversal of the conviction, petitioner's federal challenge to the 2007 judgment may become moot. *See*

1  *Sherwood*, 716 F.2d at 634; *Torres*, 2008 U.S. Dist. LEXIS at *4.  Accordingly, petitioner's

2  challenge to the 2007 judgment is premature and should be dismissed without prejudice.  *See*

3  *Henderson v. Martel*, No. CIV S-09-2189 DAD P, 2010 U.S. Dist. LEXIS 51882, at *9 (E.D.

4  Cal. May 25, 2010) (determining that petitioner may only seek federal habeas relief after his

5  conviction and sentence become final by the conclusion of direct review or the expiration of the

6  time for seeking such review and dismissing petition as premature, but without prejudice to

7  refiling after petitioner's judgment of conviction becomes final).

8  **III.   Recommendation**

9       Accordingly, it is hereby RECOMMENDED that:

10      1. Respondent's November 19, 2010  motion to dismiss this action be granted; and

11      2. The Clerk be directed to close this case.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

19  his objections petitioner may address whether a certificate of appealability should issue in the

20  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

21  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

22  enters a final order adverse to the applicant).

23  Dated:  September 1, 2011.

24

25                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

26